UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE HANOVER INSURANCE COMPANY,

Plaintiff,

v.

CRISTINA MEHLING, et al.,

Defendants.

C16-1671 TSZ

ORDER

Plaintiff The Hanover Insurance Company ("Hanover") brought this declaratory judgment action against defendants Cristina Mehling and John Doe Mehling, a marital community, and Mehling Law Firm PLLC (collectively, "Mehling Defendants"), as well as former defendant Virginia L. Burdette, the Chapter 7 Trustee for the Andrew Kim Bankruptcy Estate (the "Trustee"), to ascertain whether Hanover owed the Mehling Defendants a duty to defend and/or a duty to indemnify in connection with an action brought in King County Superior Court against the Mehling Defendants by the Trustee. The underlying state court matter has resolved, the settlement was approved by the Bankruptcy Court, and Hanover's claims against the Trustee have been dismissed. *See* Minute Order (docket no. 57).

The Mehling Defendants have not asserted any counterclaims in this litigation, and they did not bring a dispositive motion on the issues of Hanover's alleged duty to defend

ORDER - 1

or duty to indemnify. Hanover, however, moved for judgment on the pleadings on both subjects, and its motion was denied as to any duty to defend and deferred as to any duty to indemnify. In denying Hanover's motion as to any duty to defend, the Court did not rule that coverage was owed, but merely indicated that whether the policy at issue "conceivably" covered the assertions in the underlying state court pleading was a question of fact. *See* Minute Order (docket no. 31).

The Mehling Defendants now want the Court to award them attorney's fees for their efforts in avoiding an adverse judgment on the pleadings as to the duty to defend. The Mehling Defendants, however, cannot be considered prevailing parties with respect to the coverage issue, as is required for them to be entitled to attorney's fees under *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). *See Allstate Prop. & Cas. Ins. Co. v. Giroux*, 2017 WL 237502 (W.D. Wash. Jan. 19, 2017) (citing *Alaska Nat'l Ins. Co. v. Bryan*, 125 Wn. App. 24, 36, 104 P.3d 1 (2004)); *Century Sur. Co. v. Belmont Seattle, LLC*, 2014 WL 1386540 at *3 (W.D. Wash. Apr. 9, 2014). Payment by Hanover of settlement funds does not render the Mehling Defendants a prevailing party for purposes of *Olympic Steamship*. The Mehling Defendants concede that they "never had the chance to be a prevailing party," Supp. Reply at 6 (docket no. 60), and ask that attorney's fees be awarded in equity. The Court declines to award attorney's fees in this case in favor of the Mehling Defendants.

In response to the questions raised in the Minute Order entered October 13, 2017, docket no. 57, Hanover has indicated that the deferred portion of its motion for judgment on the pleadings can be stricken as moot, and that its claims against the Mehling

ORDER - 2

Defendants can be dismissed with prejudice. <u>See</u> Supp. Resp. at 3 n.2 (docket no. 59). The Court will rule accordingly.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1) The Mehling Defendants' motion for attorney's fees, docket no. 44, is DENIED;

(2) Hanover's related motion, docket no. 64, to strike the Mehling Defendants' supplemental reply, docket no. 60, and supporting declarations, docket nos. 61 and 62, is STRICKEN as moot;

(3) The deferred portion of Hanover's motion for judgment on the pleadings, docket no. 15, is STRICKEN as moot;

(4) Hanover's remaining claims in this matter are DISMISSED with prejudice and without costs;

(5) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 21st day of December, 2017.

Thomas S. Zilly
United States District Judge